**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>NARRAGANSETT IMPROVEMENT COMPANY | : | |
| vs. | : | C.A. NO: 06-155T |
| THE WHITING-TURNER CONTRACTING COMPANY<br>ST. PAUL FIRE AND MARINE INSURANCE<br>COMPANY and TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA | : | |

**PLAINTIFF'S ANSWER TO**
**DEFENDANTS' COUNTERCLAIM**

Counterclaim defendant, United States of America for the use and benefit of Narragansett Improvement Company ("NIC"), hereby answers the counterclaim filed by the counterclaim plaintiffs The Whiting-Turner Contracting Company ("Whiting-Turner"), St. Paul Fire and Marine Insurance Company ("St. Paul") and Travelers Casualty and Surety Company of America ("Travelers") (collectively, "counterclaim plaintiffs").

**Parties**

1. NIC admits the allegations contained in paragraph 1.

2. NIC admits the allegations contained in paragraph 2.

3. NIC admits the allegations contained in paragraph 3.

4. NIC neither admits nor denies the allegations contained in paragraph 4, but leaves counterclaim plaintiffs to their proof thereon.

5. NIC admits the allegations contained in paragraph 5.

## Jurisdiction and Venue

6. NIC admits the allegations contained in paragraph 6.

7. NIC admits the allegations contained in paragraph 7.

## Facts

8. NIC admits the allegations contained in paragraph 8.

9. NIC neither admits nor denies the allegations contained in paragraph 9, but leaves Whiting-Turner to its proof thereon.

## The Combo Fire Project

10. NIC admits the allegations contained in paragraph 10.

11. NIC admits the allegations contained in paragraph 11.

12. NIC admits the allegations contained in paragraph 12.

13. NIC denies the allegations contained in paragraph 13 since supplement speaks for itself. Notwithstanding, Whiting-Turner failed to provide access to the premises for counterclaim defendant to complete its work.

14. NIC admits the allegations contained in paragraph 14.

15. NIC denies the allegations contained in paragraph 15.

16. NIC denies the allegations contained in paragraph 16.

17. NIC denies the allegations contained in paragraph 17.

18. NIC denies the allegations contained in paragraph 18.

19. NIC denies the allegations contained in paragraph 19 on any failure on the part of NIC. In further answering, NIC has no knowledge as to any dispute between Whiting-Turner and the Navy.

20. NIC denies any delay caused by NIC and there is no knowledge as to the Navy withholding any monies from Whiting-Turner.

21. NIC denies the allegations contained in paragraph 21.

**The CDC Project**

22. NIC admits the allegations contained in paragraph 22.

23. NIC denies the allegations contained in paragraph 23.

**Count I - Breach of Contract**
**(Combo Fire Project)**

24. NIC repeats and realleges its responses to paragraphs 1 through 23 as if fully stated herein.

25. NIC denies the allegations contained in paragraph 25.

26. NIC denies the allegations contained in paragraph 26.

27. NIC denies the allegations contained in paragraph 27.

WHEREFORE, counterclaim defendant demands that counterclaim plaintiffs' counterclaim be dismissed and it awarded its costs and attorney's fees.

**Count II - Breach of Contract**
**(Combo Fire Project)**

28. NIC repeats and realleges its responses to paragraphs 1 through 27 as if fully stated herein.

29. NIC denies the allegations contained in paragraph 29.

30. NIC denies the allegations contained in paragraph 30.

31. NIC denies the allegations contained in paragraph 31.

WHEREFORE, counterclaim defendant demands that counterclaim plaintiffs' counterclaim be dismissed and it awarded its costs and attorney's fees.

**Count III - Indemnification**
**(CDC Project and Combo Fire Project**

32. NIC repeats and realleges its responses to paragraphs 1 through 31 as if fully stated herein.

33. NIC denies the allegations contained in paragraph 33.

34. NIC has insufficient knowledge as to any of the facts noted in paragraph 34.

35. NIC denies any allegations directly attributable to NIC, and denies each and every allegation of paragraph 35. Further answering, NIC has insufficient knowledge as to the allegations of any disputes between the Navy and Whiting-Turner.

36. NIC denies the allegations contained in paragraph 36.

WHEREFORE, counterclaim defendant demands that counterclaim plaintiffs' counterclaim be dismissed and it awarded its costs and attorney's fees.

**First Affirmative Defense**

Counterclaim fails to state a cause of action upon which relief can be granted.

**Second Affirmative Defense**

NIC pleads settlement and release with Whiting-Turner as to the CDC Project.

**Third Affirmative Defense**

There has been accord and satisfaction between the parties in relation to the CDC Project.

**Fourth Affirmative Defense**

Whiting-Turner has caused substantial delay to the project, affecting the work and contract of NIC.

Counterclaim Defendant,
Narragansett Improvement Company
By its Attorneys,

Girard R. Visconti #0566
VISCONTI & BOREN LTD.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 facsimile

**CERTIFICATION**

I, the undersigned, hereby certify that on the 12th day of July, 2006, I mailed a copy of the within document by regular, first-class mail, postage prepaid, to the following:

Christopher C. Whitney, Esq.
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903