UNITED STATES OF AMERICA
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of NARRAGANSETT, IMPROVEMENT COMPANY, INC., Plaintiff | : | |
| v. | : | C.A. No. 06-155T |
| THE WHITING-TURNER CONTRACTING COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Defendants | : | |

**DEFENDANTS' PRETRIAL CONFERENCE STATEMENT**

In compliance with this Court's Notice dated November 16, 2006, Defendants / Counterclaim Plaintiffs The Whiting-Turner Contracting Company ("Whiting-Turner"), St. Paul Fire & Marine Insurance Company ("St. Paul"), and Travelers Casualty and Surety Company of America ("Travelers") hereby submit this Statement in furtherance of their Breach of Contract and Indemnification counterclaims. Pursuant to this Court's November 16 Notice, Counterclaim Plaintiffs hereby list the elements that must be proven to sustain each counterclaim, along with supporting precedent.

BREACH OF CONTRACT

In order to sustain its Breach of Contract causes of action, Counterclaim Plaintiffs must demonstrate the following basic elements: (1) offer, (2) acceptance, (3) consideration, and (4) breach. See, e.g., Gorman v. St. Raphael Academy, 853 A.2d 28, 33-35 (R.I. 2004). In this matter, the parties do not dispute the existence of a valid contract between Whiting-Turner and Plaintiff / Counterclaim Defendant Narragansett Improvement Company, Inc. ("NIC") on the Navy's "Design / Build Consolidated Fire, Police, and Security Building, North Gate and Gate

No. 2" project (the "Combo Fire Project"), thereby satisfying the first three elements cited above. Rather, the dispute as to Counterclaim Plaintiffs' Breach of Contract claim centers upon whether the contract between Whiting-Turner and Counterclaim Defendant on the Combo Fire Project was breached, and which party breached that contract. Counterclaim Plaintiffs expect that the evidence will demonstrate that NIC breached its contract between Whiting-Turner on the Combo Fire Project, to the damage and detriment of Counterclaim Plaintiffs.

<u>INDEMNIFICATION</u>

Whiting-Turner's indemnification claim is based in the express language creating an indemnity obligation running from NIC to Whiting-Turner contained in the contracts between Whiting-Turner and NIC on the Navy's "Design / Build Child Development Center" project (the "CDC Project") and Combo Fire Project. Therefore, the same elements within the breach of contract claims described above would also apply to Whiting-Turner's contractual indemnification claim, in addition to the requirement of Whiting-Turner becoming liable to a third party. In Rhode Island, the right to indemnity is preserved by statute. <u>See</u> R.I.G.L. § 10-6-9.

Further, St. Paul's and Traveler's have potential indemnification claims against NIC based in equity. In order to sustain an equitable indemnification claim, St. Paul and Travelers must demonstrate the following basic elements: (1) "the party seeking indemnity must be liable to a third party," (2) "the prospective indemnitor must also be liable to the third party," and (3) "as between the prospective indemnitee and indemnitor, the obligation ought to be discharged by the indemnitor." <u>In re: Marderosian</u>, 186 B.R. 341, 343-344 (Bankr. R.I. 1995), <u>quoting</u> <u>Muldowney v. Weatherking Products, Inc.</u>, 509 A.2d 441, 443 (R.I. 1986). As Whiting-Turner's co-sureties on the CDC Project and the Combo Fire Project, St. Paul and Travelers may face

significant liability on their bonds from claims asserted against Whiting-Turner by the Navy or other entities, directly resulting from NIC's defective subcontract work.

Therefore, considering that an active dispute presently exists between Whiting-Turner and the Navy regarding the Combo Fire Project, and that the Navy may assert formal claims against Whiting-Turner in the future arising from defects in NIC's subcontract work, NIC will be liable to Whiting-Turner to the extent that Whiting-Turner is liable to the Navy. Further, St. Paul and Travelers will also have equitable indemnification claims against NIC, in that situation.

## CONCLUSION

Counterclaim Plaintiffs expect to succeed on their breach of contract counterclaims against NIC, in addition to their indemnification claim in the event that Whiting-Turner is found liable to a third party arising from NIC's subcontract work. However, the extent of their damages cannot presently be specified, as the Navy has not yet reached a position as to any claims that it may assert against Whiting-Turner arising from NIC's subcontract work. Therefore, Counterclaim Plaintiffs are not yet in a position to fully prosecute their counterclaims or negotiate a resolution to the claims brought against them by NIC.

THE WHITING-TURNER CONTRACTING COMPANY, ST. PAUL FIRE AND MARINE INS. CO., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
By their attorneys,

/s/ Scott K. Pomeroy

Christopher C. Whitney (#3261)
cwhitney@lmkbw.com
Scott K. Pomeroy (#6044)
spomeroy@lmkbw.com
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
Fax: (401) 521-3555

Dated: January 5, 2007

**CERTIFICATION**

I, Michael D. Williams, hereby certify that on the 5th day of January, 2007, a copy of the within Defendants' Pretrial Conference Statement was forwarded to counsel of record as follows:

Girard R. Visconti, Esquire
grv@viscontilaw.com

/s/ Scott K. Pomeroy

F:\MDW\St. Paul\Whiting - Turner\NIC action\010507 Pretrial Conference Statement.doc