**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF NARRAGANSETT IMPROVEMENT COMPANY** | : | |
| vs. | : | **C.A. NO: 06-155T** |
| **THE WHITING-TURNER CONTRACTING COMPANY ST. PAUL FIRE AND MARINE INSURANCE COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA** | : | |

**MOTION TO COMPEL**

Now comes the plaintiff, United States of America for the use and benefit of Narragansett Improvement Company ("NIC"), and moves pursuant to Federal Rule of Civil Procedure 37(a) that the defendant, The Whiting-Turner Contracting Company ("Whiting-Turner") be compelled to produce for inspection documents responsive to NIC's requests. In support, NIC states as follows:

1. The underlying dispute concerns an April 12, 2004 trade contract entered into between NIC as subcontractor and Whiting-Turner as construction manager. NIC claims that it performed its contractual obligations and that Whiting-Turner subsequently withheld payment.

2. On or about March 29, 2007, NIC served its requests for production of documents on Whiting-Turner. **(Requests, Exhibit "A".)**

3. On or about June 11, 2007, Whiting-Turner served its response. **(Responses, Exhibit "B".)** Whiting-Turner's response included one document listing which its subcontractors and suppliers relative to the subject construction project. The

lion's share of responses stated that documents would be made available for inspection at Whiting-Turner's place of business in Bridgewater, New Jersey.

4. Thereafter, NIC attempted in good faith to resolve this issue concerning place of production. Counsel for NIC placed multiple telephone calls to counsel for Whiting-Turner. Counsel for NIC then wrote a good faith letter to counsel for Whiting-Turner requesting that the documents be produced in or near Providence, Rhode Island, as this was the locus of the subject construction project, the underlying legal proceeding, as well as the location of plaintiff and all counsel. **(July 11, 2007 Letter, Exhibit "C".)** Whiting-Turner responded that it would only produce the documents responsive to NIC's requests in or near Providence, Rhode Island in the event that either (1) NIC incurred the entire cost of copying and transporting the documents (which was estimated at between $10,000.00 and $14,000.00), or (2) NIC narrow its requests so that the responsive documents would be smaller in volume. **(July 20, 2007 Letter, Exhibit "D".)**

5. The disputed requests and responses are as follows:

**REQUEST NO. 1:**

A copy of any and all correspondence with Whiting-Turner and the Navy in connection with the Fire, Police and Security Project (hereinafter the "Project").

**RESPONSE NO. 1**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

Upon further answer, said documents were already identified in Defendants' Rule 26 Disclosures.

. . .

**REQUEST NO. 3:**

A copy of any and all correspondence, memos, e-mails with any subcontractors or suppliers relative to the Project.

**RESPONSE NO. 3**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 4:**

A copy of any and all correspondence, memos, e-mails, etc. in relation to any complaints for delay of any subcontractors or suppliers relative to the Project.

**RESPONSE NO. 4**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 5:**

A copy of all requests for information to the Navy and responses therefrom in regarding the Project.

**RESPONSE NO. 5**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 6:**

A copy of any and all change orders in connection with the Project with the Navy.

**RESPONSE NO. 6**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 7:**

A copy of all internal memos concerning the Project.

**RESPONSE NO. 7**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 8:**

A copy of all meeting notices, memoranda, notes, etc. concerning the Project.

**RESPONSE NO. 8**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 9:**

A copy of all correspondence of any writing of kind or description between and among Whiting-Turner, the project architect, engineers, consultants or any other person from an entity concerning or affecting the Project.

**RESPONSE NO. 9**

Subject to and without waiving any objection, Defendants will make available all non-

privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 10:**

A copy of all applications for payment in relation to Narragansett Improvement, i.e. between Whiting-Turner and the Navy, having to do with the Project.

**RESPONSE NO. 10**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 11:**

A copy of all work schedules, progress schedules, time logs, bar charts, projections, time-tables, revisions, amendments or updates and any other similar documents, including summaries thereof concerning the Project.

**RESPONSE NO. 11**

Subject to and without waiving any objection, Defendants will make available all non-privileged documents within their custody and control responsive to this request at the office of The Whiting-Turner Contracting Company ("Whiting-Turner"), located at 1140 Route 22, East, Suite 301, Bridgewater, New Jersey, upon two weeks written notice to Defendant's counsel.

**REQUEST NO. 12:**

All documents schedules, logs or other similar items, including summaries in relation to scheduling or time-tables of the Project.

**RESPONSE NO. 12**

See Response No. 11.

6. The plaintiff cannot reasonably narrow its requests in scope as the requests as they stand seek documentation which is relevant, material, and pertinent to the instant dispute.

7. It is the position of NIC that Whiting-Turner is obligated to produce for inspection the non-privileged documents that are in its possession, custody, or control at or near Providence, Rhode Island. "In drawing an order for pre-trial inspection or copying of books or papers of an opposing party, the court's recognize that the order's provisions as to the time and place for producing the items and for inspecting or copying them should be reasonable and should be such as to afford an adequate discovery with a minimum of inconvenience and expense to the parties involved." 83 A.L.R. 2d 302, §5. Here, Whiting-Turner has contracted to do substantial work in Rhode Island, the construction project was performed entirely within Rhode Island, the plaintiff is a Rhode Island corporation, and all counsel of record are based in Rhode Island. Further, Whiting-Turner has indicated that the cost to NIC for copying and transporting said documents would be exorbitant.

8. The documents in question are not being used by the defendant as the project has been completed. "Where business records are involved, it may make a difference whether they are current records, in regular use in conducting the business, or merely records of past transactions not in regular use." Id. Here, the subject project is complete, and therefore the documents in question are no longer being utilized by the defendant on a regular basis. Rather, these documents are simply being stored in a room at the defendant's place of business, unused. Cf. Beryl v. U.S. Smelting Refining & Mining Co., 228 N.Y.S. 2d 394 (holding it would be unreasonable to require a corporation to gather and ship records from Maine to

Boston where such action would cripple and disrupt, if not halt, operations of that company).

9. The documents are not so voluminous as to render their copying and delivering unreasonable. Whiting-Turner has represented that the records responsive to the plaintiff's discovery requests fill up a couple of file cabinets. As such, the copying and delivering of these documents would not be unduly oppressive or even unreasonable.

WHEREFORE, the plaintiff requests that this Honorable Court issue an Order compelling the defendant to produce for inspection the documents that are responsive to the plaintiff's requests either (1) at the offices of counsel for the plaintiff, (2) at the offices of counsel for the defendant, or (3) at a place in or near Providence, Rhode Island.

Respectfully submitted,
Attorneys for Plaintiff,
UNITED STATES OF AMERICA for the use
And benefit of NARRAGANSETT
IMPROVEMENT COMPANY, INC.

/s/ Girard R. Visconti
**Visconti & Boren Ltd.**
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
grv@viscontilaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document has been filed electronically on this 3rd day of August, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Christopher C. Whitney, Esq.**
**cwhitney@lmkbw.com**

**Scott K. Pomeroy, Esq.**
**spomeroy@lmkbw.com**

/s/ Girard R. Visconti
**Visconti & Boren Ltd.**
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
grv@viscontilaw.com

J:\SHARED\SEC2N\Narragansett Improvement Company\Motion to Compel 8-2-07.wpd