EXHIBIT C

July 11, 2007

Christopher C. Whitney, Esq.
Michael D. Williams, Esq.
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

***Re:*** ***Narragansett Improvement Company***
***v.*** ***The Whiting-Turner Contracting Company, et al.***
***US District Court - C.A. No.: 06-155T***

Dear Counselors:

I received *Defendant, The Whiting-Turner Contracting Company's Response to Request for Production of Documents*. A number of the responses indicate that documents are available for review at the defendant's offices in New Jersey. For the reasons listed below, it is my client's position that Whiting-Turner Contracting Company ("Whiting-Turner") has an affirmative obligation to produce these documents in Providence, or in a place more reasonable.

Whiting-Turner's responses indicate that the documents responsive to the following requests will be made available for review in New Jersey:

1. A copy of any and all correspondence with Whiting-Turner and the Navy in connection with the Fire, Police and Security Project (hereinafter the "Project").

3. A copy of any and all correspondence, memos, e-mails with any subcontractors or suppliers relative to the Project.

4. A copy of any and all correspondence, memos, e-mails, etc. in relation to any complaints for delay of any subcontractors or suppliers relative to the Project.

5. A copy of all requests for information to the Navy and responses therefrom regarding the Project.

6. A copy of any and all change orders in connection with the Project with the Navy.

7. A copy of all internal memos concerning the Project.

8. A copy of all meeting notices, memoranda, notes, etc. concerning the Project.

9. A copy of all correspondence of any writing of kind or description between and among Whiting-Turner, the project architect, engineers, consultants or any other person from an entity concerning or affecting the Project.

10. A copy of all applications for payment in relation to Narragansett Improvement, i.e. between Whiting-Turner and the Navy, having to do with the Project.

11. A copy of all work schedules, progress schedules, time logs, bar charts, projections, time-tables, revisions, amendments or updates and any other similar documents, including summaries thereof concerning the Project.

12. All documents schedules, logs or other similar items, including summaries in relation to scheduling or time-tables of the Project.

Each of these requests seeks documents which are highly relevant and/or seeks documents which would tend to lead to the discovery of admissible evidence. When resolving disputes as to the place of production, "courts recognize that . . . the time and place for producing the items and for inspecting or copying them should be reasonable and should be such as to afford an adequate discovery with a minimum of inconvenience and expense to the parties involved." 83 A.L.R.2d 302, § 5. Accordingly, many courts, in seeking to balance the convenience for all parties involved, require the producing party to "produce the required business books and documents for inspection and copying at the place where the suit was pending rather than at its business office . . . hundreds of miles from the locus of the action." *Id.*

It is the position of the plaintiff that the non-privileged documents that have been referenced in the defendant's responses be produced in or near Providence, Rhode Island, as the locus of the action. Please consider this a good faith letter in attempt to resolve this matter.

Thank you for your professional courtesy. I look forward to hearing from you.

Sincerely,

Girard R. Visconti

GRV/dlf

cc: Narragansett Improvement Company