# EXHIBIT B

UNITED STATES OF AMERICA
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of NARRAGANSETT, IMPROVEMENT COMPANY, INC., : | |
| v. : | C.A. No. 06-155T |
| THE WHITING-TURNER CONTRACTING COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA : | |

**AFFIDAVIT OF MICHAEL D. WILLIAMS**

I, Michael D. Williams, on oath, depose and state as follows:

1. I am counsel of record for Defendants The Whiting-Turner Contracting Company ("Whiting-Turner"), St. Paul Fire and Marine Insurance Company, and Travelers Casualty and Surety Company of America, in the above-captioned matter.

2. Soon after the service of my July 20, 2007 letter to Plaintiff's counsel, Attorney David Fine, one of the attorneys representing the Narragansett Improvement Company, Inc. ("NICO"), telephoned me on to inquire into the cost of copying and transport (from New Jersey to Rhode Island) of Whiting-Turner's "Consolidated Fire, Police, and Security Building, North Gate and Gate No. 2" (the "Combo Fire Project") file.

3. Whiting-Turner obtained an initial copy / transportation estimate directly, and informed me of its amount -- $10,000 to $14,000. I thereafter called Mr. Fine, on or about August 1, 2007, and informed him of the estimate's amount.

4. When Mr. Fine heard the amount of the estimate, he expressed surprise, and inferred that the estimate was too expensive. He then implied that he might have to travel to New Jersey to review Whiting-Turner's file in person.

5. Without further written or verbal communication from Plaintiff's counsel,

Plaintiff then filed the Motion to Compel that is presently before the Court. I was surprised to learn of the Motion's filing, as I had assumed that Mr. Fine or another attorney representing NICO was going to review Whiting-Turner's project file in New Jersey. I made this assumption based on my most recent phone conversation with Mr. Fine and the lack of any other subsequent communications to the contrary.

6. Other than the two conversations described above, I had no other conversations with NICO's counsel and received no voicemails regarding its Motion to Compel.

7. Because of the abrupt filing of Plaintiff's Motion to Compel and my assumption that the discovery dispute involving Whiting-Turner's Combo Fire Project file was going to be resolved, I was unable to consider the possibility of a Motion for Protective Order, to be filed on behalf of Whiting-Turner.

Signed under the penalties of perjury this 16th day of August, 2007.

Michael D. Williams (#6702)
Little Medeiros Kinder
Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 521-3555 (facsimile)

f:\mdw\st. paul\whiting - turner\nic action\affidavit of mdw in support of objection to motion to compel.doc