**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>NARRAGANSETT IMPROVEMENT COMPANY | : | |
| vs. | : | C.A. NO: 06-155T |
| THE WHITING-TURNER CONTRACTING COMPANY<br>ST. PAUL FIRE AND MARINE INSURANCE<br>COMPANY and TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA | : | |

## REPLY MEMORANDUM

On or about August 3, 2007, the plaintiff, United States of America for the Use and Benefit of Narragansett Improvement Company ("NIC"), filed a motion to compel production of documents with this Honorable Court. Thereafter, on or about August 17, 2007, the defendant, The Whiting-Turner Contracting Company ("Whiting-Turner"), filed an objection thereto. NIC hereby replies to Whiting-Turner's objection as follows:

1. NIC's requests are neither overly broad nor burdensome but rather drafted in a narrow fashion so that the requests seek only those documents necessary to achieve a fair resolution of the underlying claim. NIC requests only those documents having to do with its own participation on the Fire, Police and Security construction project ("the project"), which is the subject of NIC's complaint. Also, on information and belief, Whiting-Turner, the prime contractor on the project, has disbursed payment to all other subcontractors on site and therefore, some of the requests seek documentation confirming those payments.

NIC acknowledges that Whiting-Turner has a roomful of documents regarding the project. NIC, however, contends that it is entirely reasonable to ask Whiting-Turner to pull, copy, and place in the mail copies of the documents responsive to NIC's requests.

2. Producing the documents responsive to NIC's requests would not unfairly prejudice Whiting-Turner as it has alleged in its objection. NIC would not request that the entire project file be transferred to Providence, Rhode Island to the extent that Whiting-Turner fulfills its discovery obligations by pulling, copying and placing in the mail only those documents specifically responsive to NIC's requests. This would alleviate any potential or alleged prejudice to Whiting-Turner.

3. Whiting-Turner claims that the file is still being actively used and therefore transferring the file will disrupt its ability to close out the project in a timely and efficient manner. First, the file need not be removed from Whiting-Turner's offices. NIC is asking that the documents responsive to its requests be pulled, copied and delivered as is standard discovery practice. In the alternative, if Whiting-Turner wants to produce the project records in their entirety, NIC suggests that the documents requested relate particularly to those portions of the project having to do with NIC, allegations of delay, and payment. As such, Whiting-Turner's ability to close out the project with the Navy would be uninterrupted in the event it was ordered to transfer those portions of its file responsive to NIC's requests.

4. Finally, Whiting-Turner suggests that NIC did not comply with its good faith conference obligations prior to filing the instant motion. To the contrary, counsel for NIC had numerous phone conversations and exchanged numerous written correspondence with counsel for Whiting-Turner and filed the instant motion only when it became reasonably evident that the two sides were at an impasse.

## CONCLUSION

NIC asks only that Whiting-Turner pull those particular and limited documents from the project files, copy them, and deliver them to NIC. This action is necessary for NIC to determine the validity of the underlying claims and payment disputes. This action is also standard discovery practice and would not pose any undue burden or act as any prejudice against Whiting-Turner. In the alternative, in the event Whiting-Turner will not produce the documents, NIC asks that Whiting-Turner allow inspection of the documents at a place reasonable given that the project locus was in Rhode Island, NIC is in Rhode Island, and all counsel in this case are in Rhode Island.

For the aforementioned reasons, NIC requests that this Honorable Court grant its motion compelling Whiting-Turner to comply with its discovery obligations herein.

**PURSUANT TO LR CV 7(e), NIC hereby requests an oral argument on the instant motion; said argument estimated at approximately ten (10) minutes.**

Respectfully submitted,
Attorneys for Plaintiff,
UNITED STATES OF AMERICA for the use
And benefit of NARRAGANSETT
IMPROVEMENT COMPANY, INC.

/s/ Girard R. Visconti
**Visconti & Boren Ltd.**
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
grv@viscontilaw.com

DATED: August 22, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 22nd day of August, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Christopher C. Whitney, Esq.**
**cwhitney@lmkbw.com**

**Michael D. Williams, Esq.**
**mwilliams@lmkbw.com**

/s/ Girard R. Visconti
**Visconti & Boren Ltd.**
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9302
grv@viscontilaw.com

J:\SHARED\SEC2N\Narragansett Improvement Company\Reply Memorandum.wpd